**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

| | |
|---|---|
| Jingdong Zhu, et al. | Civ. Action No. 03-1204(KSH) |
| v. | |
| Schering Plough Corporation, et al. | OPINION |

**Katharine S. Hayden, U.S.D.J.**

**I. INTRODUCTION**

Plaintiff Michele Wendel ("Wendel") is a former employee of Schering-Plough and a participant in the Schering-Plough Corporation Employees' Savings Plan (the "Plan"). (Compl. ¶ 17.) Wendel, claiming that defendants' actions directly resulted in a significant diminution in the value of the Plan's assets during the class period, has filed suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, against Schering-Plough Corporation ("Schering"), Schering's former CEO and individual members of the Schering Board's Pension Committee, Schering's Employee Benefits Committee and its members, and Schering's Employee Benefits Investment Committee and its members.

The operative complaint (D.E. 54) contains four counts brought under ERISA §§ 409(a), 502(a)(2), 29 U.S.C. §§ 1109(a), 1132(a). Count One alleges that the defendants failed to prudently and loyally manage the Plan's investment in Schering securities. Count Two contends that Schering, its directors, and the Benefits Committee failed to ensure that the Investment Committee had complete and accurate information regarding the company and that they allowed the Investment Committee to continue including Schering stock as a substantial holding for the

Plan although it was not prudent to do so.  Count Three alleges that defendants breached their fiduciary duties by, among other things, failing to provide Plan participants and beneficiaries "complete and accurate information regarding Schering stock, the Company's precarious financial condition, public misrepresentations and inflated forecasts regarding the likelihood of the Company's recovery… and the prudence of investing retirement contributions in Schering equity."  (Compl. ¶ 181.)  Count Four contends that defendants failed to retain independent fiduciaries, failed to provide federal agencies with information necessary to determine the prudence of Schering's securities, placed the interests of Schering over the interests of Plan participants, and failed to take steps necessary to ensure that participants' interests were loyally and prudently served.

Wendel has moved for class certification pursuant to Federal Rule of Civil Procedure 23. This Court referred that motion to Magistrate Judge Mark Falk, who issued a Report and Recommendation ("R&R") recommending that "plaintiff's motion be **granted** as to Counts One, Two, and Four, and **denied** as to Count Three."  (R&R at 1.)  Currently before the Court are defendants' timely-filed objections to the R&R.

For the reasons that follow, the Court adopts Judge Falk's recommendation that plaintiffs' motion for class certification be denied as to Count Three and granted for Counts One, Two, and Four.

## II. STANDARD OF REVIEW

The Court's review of a party's objections to an R&R is governed by Local Civil Rules 72.1(a)(2) and 72.1(c)(2).  Pursuant to the Local Rules, the Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

The [Court] . . . may consider the record developed before the magistrate judge, making [its] own determination on the basis of that record." L. Civ. R. 72.1(c)(2); see also Poveromo-Spring v. Exxon Corp., 968 F. Supp 219, 221 & n.2 (D.N.J. 1997).

## III. DISCUSSION

### A. Class Certification Generally

Federal Rule of Civil Procedure 23(a), which prescribes the prerequisites to a class action, requires plaintiffs to satisfy the elements of numerosity, commonality, typicality, and adequacy of representation. Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 183 (3d Cir. 2001).

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(a)(4) requires two separate inquiries: (1) whether the plaintiff's attorney is qualified, experienced, and able to conduct the proposed litigation; and (2) whether the plaintiff has interests antagonistic to those of the purported class members. See generally Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n. 20 (1997). If the Rule 23(a) requirements are satisfied, the Court must then find that the lawsuit is maintainable as a class action under one of the three provisions of Rule 23(b). Johnston, 265 F.3d at 184. Here, plaintiffs contend that this matter falls within the ambit of Rule 23(b)(1) and/or (b)(2), which provide:

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

> (1) prosecuting separate actions by or against individual class members would create a risk of:

3

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

If the Court finds that each of the four elements of Rule 23(a) have been satisfied and that the requirements of Rule 23(b)(3) are met, then the proposed class may be certified.

## B. Count Three

The Court has reviewed *de novo* Judge Falk's recommendation, which neither party has objected to, that class certification be denied as to Count Three of the operative complaint. Because no error is evident from the face of the record concerning this particular determination, the Court adopts those portions of the R&R as the decision of the Court.  See L. Civ. R. 72.1(c) Comment 4d.

## C. Numerosity, Commonality, and Adequacy of Counsel

The Court has reviewed *de novo* Judge Falk's recommendation, which neither party has objected to, that Wendel has established the Rule 23(a) elements of numerosity, commonality, and adequacy of counsel.  Because no error is evident from the face of the record concerning this particular determination, the Court adopts those portions of the R&R as the decision of the Court.  See L. Civ. R. 72.1(c) Comment 4d.

## D. Typicality and Adequacy of Plaintiff as a Class Representative

Defendants object to Judge Falk's determination that Wendel has established all of the Rule 23(a) elements.  Specifically, they assert that "Wendel is not a 'typical' or 'adequate'

representative of any class whose members consider the Stock Fund to be an imprudent retirement investment." (Defs.' Obj. to R&R 9.) Defendants base this contention on Wendel's deposition testimony and a release she signed when her employment with Schering was terminated.

To establish typicality under Rule 23(a), a plaintiff must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This inquiry requires the Court to ask "whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." Beck v. Maximus, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting Baby Neal, 43 F.3d at 55)). Moreover, even significant factual differences "will not render a claim atypical if the claim arises from the same event or course of conduct that gives rise to the class of the class members, and if it is based upon the same legal theory." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 923 (3d Cir. 1992) (internal quotations omitted). Because defendants' objections advance the same arguments with respect to typicality and adequacy of plaintiff as a class representative, the Court folds the adequacy analysis into its typicality discussion.

Defendants first argue that Wendel's deposition testimony precludes her from acting as class representative for the Plan. They assert that her deposition testimony raises an "insurmountable conflict" with the proposed class, in that her statements reflect Wendel's belief that the Plan is a prudent retirement investment. In order to find a class representative atypical, "the conflict must be clear, and must be such that the interests of the class are placed in significant jeopardy." Hedges Enterprises, Inc. v. Continental Group, Inc., 81 F.R.D. 461, 466 (E.D. Pa. 1979) (internal quotations omitted). When asked why she continued to keep money in

5

the Schering Stock Fund, Wendel replied, "Because I still believe in the company, have good memories of working at the company and feel that it still will suit my purpose in the long run when I am 65 and I can retire at whatever time, that I will feel good about the money that I get at that point." (Wendel Dep. 67-70.) She also explained, "I'm optimistic that the company will prevail and do well, yes." (Wendel Dep. 70.)

As noted by Judge Falk, the testimony relied upon by the defendants "is subject to varying interpretations and does not reflect any clear conflict." (R&R 14.) "For example, her testimony may be read to merely express affection, confidence and loyalty to Schering, her former employer." (R&R 14.) A few lines of deposition testimony, motivated in part by a former employee's affection for her employer, do not rise to the level of endangering the interests of the class, especially in light of Wendel's substantial participation in this litigation. Importantly, defendants do not cite testimony where she clearly asserts that the Plan was a prudent investment with respect to the class period. Because Wendel's deposition testimony does not reflect a clear conflict that places the interests of the class in significant jeopardy, defendants' arguments as to this issue fail.

Defendants next contend that Wendel's release and covenant not to sue "render her claims atypical of the proposed class and make her an inadequate class representative." (Defs.' Obj. to R&R 11.) In exchange for an enhanced severance benefit when she left Schering, Wendel signed a covenant not to sue Schering and released "all claims and liabilities" that she had or may have against Schering, its officers, directors, and employees. (Defs.' Obj. to R&R 11.) Because ERISA expressly prohibits the result advanced by defendants, this argument also fails.

29 U.S.C. § 1110(a) provides that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part [29 USCS §§ 1101 et seq.] shall be void as against public policy." As Wendel explains in her response to defendants' objections, a release cannot work to waive her ERISA claims, or those of the Plan. She further notes that several courts have rejected defendants' position (Pl.'s Resp. to Defs.' Obj. 12-14), and points to an instructive district court decision explaining the interplay between a release and 29 U.S.C. § 1110(a):

> Defendants' argument that plaintiffs…have atypical claims is unavailing. Although those plaintiffs did sign releases of claims, those releases did not bar the instant action because those releases specifically excluded claims for retiree medical benefits. Further, even had they not contained such a specific exclusion, ERISA itself prohibits parties from waiving claims for breaches of fiduciary duty: "any provision in an agreement or instrument which purports to relieve a fiduciary, from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110. The court therefore finds that the named plaintiffs have claims typical of the class.

Baker v. Kingsley, No. 03-1750, 2007 WL 1597654 at *4 (N.D.Ill. May 31, 2007). Similarly, the release and covenant not to sue at issue here do not extinguish Wendel's claims and have no bearing on the typicality inquiry. The cases cited by defendants do not persuade the Court of otherwise, because none of those decisions addresses the interplay between 29 U.S.C. § 1110 and the typicality prong under Rule 23(a). The Court also notes that this determination necessarily forecloses the defendants' argument that a unique defense based on the release and covenant will likely become a major focus of the litigation.

The Court finds no error with Judge Falk's determination that Wendel has established typicality and adequacy of plaintiff as class representative under Rule 23(a) for Counts One, Two, and Four of the operative complaint.

**E. Rule 23(b)**

Judge Falk's Report concluded that certification of the class is appropriate under Rule 23(b)(1)(B).  Defendants object to that determination, arguing that ERISA's individual control defense bars class certification.  ERISA § 404(c) is an affirmative defense that allows "a fiduciary, who is shown to have committed a breach of duty in making an investment decision, to argue that despite the breach, it may not be held liable because the alleged loss resulted from the participants' exercise of control" over his or her individual account assets.  In re Unisys Savings Plan Litig., 74 F.3d 420, 445 (3d Cir. 1996).  Defendants contend that this defense will require individualized consideration of the facts and circumstances applicable to each Plan participant, which defeats certification under Rule 23(b).

A Southern District of Illinois opinion rejecting defendants' argument, albeit in the context of the typicality element, underscores the problems with adopting that position:

> The Court likewise is unpersuaded that typicality is defeated by the possibility that Defendants will raise a defense under ERISA § 404(c), 29 U.S.C. § 1104(c)….  Assuming Defendants raise such a defense, the Court fails to see why the defense would be unique to Plaintiffs' claims and would not instead apply to the claims of all of the members of the proposed class, given that it is clearly Defendants' position in this case that they bear no responsibility for the Plan losses at issue here in light of the control Plan participants exercised over the investment of their accounts in Dynegy stock.

Lively v. Dynegy, Inc., No. 05-00063, 2007 WL 685861 at *10 (S.D. Ill. Mar. 2, 2007).  The Court finds the reasoning relied on by the Lively court persuasive and applicable to the class certification before it.  Schering's defense, if applicable, would presumably work to defeat the claims of the class as a whole and would not require individualized consideration of the facts and circumstances applicable to each Plan participant.  Moreover, a denial of class certification is dispositive, and the Court has yet to determine whether defendants have a viable defense under ERISA § 404(c).

The Court finds no error with Judge Falk's determination that certification of the class is appropriate under Rule 23(b)(1)(B).

### F. Class Period

Judge Falk's Report also granted an open-ended class period. (R&R 23-24.) Defendants, objecting to this determination, accurately cite the applicable case law, which provides that the class period may not extend beyond the time period during which the Fund was in fact imprudent. (Defs.' Obj. to R&R 11.) Defendants fail, however, to factor in that the parties do not yet have at their disposal a workable measure of when the stock was in fact imprudent because "merits-based" discovery has not begun. Wendel seeks an open-ended class period because the complaint alleges that "the stock is imprudent as an investment alternative up to the present." (Pl.'s Resp. to Defs.' Obj. 23.) And the Court is constrained to accept the substantive allegations of the complaint as true. Chiang v. Veneman, 385 F.3d 256, 262 (3d Cir. 2004). At this stage of the litigation, there is no basis for defendants' contention that the Fund was no longer imprudent in February of 2001.

The Court finds no error with Judge Falk's practical determination that the class period be open-ended subject to potential future modification.

### V. CONCLUSION

The Court finds no error in Judge Falk's determination that the class be certified with respect to Counts One, Two, and Four of the operative complaint. The Court certifies the claims as to those counts for the following class:

> All persons who were participants in or beneficiaries of the Schering-Plough Corporation Employees' Savings Plan (the "Plan") at any time between July 29, 1998 to the present (the "Class Period") and whose accounts included investments in Schering stock.

An appropriate order will be entered.


Dated:  September 30, 2008                    /s/Katharine S. Hayden

                                            Katharine S. Hayden, U.S.D.J.