# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: SCHERING-PLOUGH CORPORATION ) CIVIL ACTION NO. 03-1204 (KSH)
ERISA LITIGATION )

## ORDER AND FINAL JUDGMENT

This *Action* came on for hearing on _____ to determine the fairness of the proposed settlement (the "*Settlement*") presented to the Court on \_\_\_\_\_[date] and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Court File No. \_\_). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* among *Named Plaintiff* and *Defendants*.

1. The Court has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class*.

2. For the sole purpose of settling and resolving the *Action*, the Court certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The *Settlement Class* is defined as:

> All Persons (excluding the Defendants) who were participants in or beneficiaries (including alternate payees) of the Plan at any time between July 29, 1998 to April 18, 2007 and whose accounts included investment in the Company Stock Fund at any point during that time period.

1

3. Michele Wendel (the "*Named Plaintiff*") is appointed as class representative, Barroway Topaz Kessler Meltzer & Check, LLP, is appointed as *Lead Counsel* and Lite DePalma Greenberg, LLC is appointed as *Liaison Counsel* (together, "*Class Counsel*") pursuant to FED. R. CIV. P. 23(g).

4. The Court finds for the sole purpose of settling and resolving the *Action* that:

(a) The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the *Settlement Class* is so numerous that it is impractical to bring all *Settlement Class* members before the Court individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the *Settlement Class* present common questions of law or fact, including:

(i) Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the *Plan* to offer the *Company Stock Fund* as an investment option for the *Plan*;

(ii) Whether the *Defendants* breached fiduciary obligations to the *Plan* and its participants by providing incomplete and inaccurate information to participants regarding the propriety of investing in the *Company Stock Fund*;

(iii) Whether certain *Defendants* breached fiduciary obligations to the *Plan* and its participants by failing to monitor other *Defendants*; and

(iv) Whether the alleged breaches of fiduciary duty by the *Defendants* caused the *Plan* and its participants and beneficiaries to suffer losses.

(c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the class representative arise from the same alleged course of conduct that gives

rise to the claims of the *Settlement Class*, and the class representative's claims are based on the same legal theory as those of the *Settlement Class*. The *Named Plaintiff* alleges that she was a *Plan* participant during the *Class Period* with a *Plan* account that included investments in the *Company Stock Fund*, that the *Plan's* fiduciaries treated her and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*. Under these circumstances, for purposes of the *Settlement* only, and subject to the foregoing, the claims asserted by the *Named Plaintiff* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d)     The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this *Settlement*, the Court finds that the *Named Plaintiff* has no conflicting interests with absent members of the *Settlement Class*. Further, the Court is satisfied that *Class Counsel* are qualified, experienced, and are further prepared to represent the *Settlement Class* to the best of their abilities.

(e)     The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the *Plan*-representative nature of *Named Plaintiff's* breach of fiduciary duty claims, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief and there is also a risk of inconsistent dispositions that might prejudice the *Defendants*. This case is appropriate for class certification, for the purposes of this *Settlement*, under FED. R. CIV. P. 23 (b)(1).

(f)     The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Class Counsel* have done the work necessary to identify or investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*,

including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts, and representing the *Settlement Class's* interests during the litigation. *Class Counsel* have substantial experience in handling class actions and claims of the type asserted in this *Action*. *Class Counsel* have also demonstrated extensive knowledge of the applicable law. The Court concludes that *Class Counsel* have fairly and adequately represented the interests of the *Settlement Class*.

(g) The *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing*, *Class Counsel's* application for attorneys' fees and expenses and for a *Case Contribution Award* to the *Named Plaintiff*, and the *Plan of Allocation*, such notice having been given in accordance with the Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Court File No. ___). Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts, as well as notice through a dedicated website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5. The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the *Settlement* embodied in the *Settlement Agreement* is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this *Action*. Specifically, the Court finds that:

(a) The *Settlement* was negotiated vigorously and at arms-length by counsel for the *Defendants,* on the one hand, and the *Named Plaintiff* and *Class Counsel* on behalf of the *Settlement Class*, on the other hand;

(b) This *Action* settled after *Defendants* had answered the operative complaint in this matter and the Third Circuit Court of Appeals vacated the Court's September 30, 2008 order certifying a class in this action;

(c) The *Settlement* was reached with the assistance of an experienced mediator, who was thoroughly familiar with this litigation;

(d) *Named Plaintiff* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(e) If the *Settlement* had not been achieved, the *Parties* faced the expense, risk, and uncertainty of extended litigation;

(f) The amount of the *Settlement* – eight million five hundred thousand dollars ($8,500,000) – is fair, reasonable, and adequate;

(g) At all times, the *Named Plaintiff* has acted independently of *Defendants* and in the interest of the *Settlement Class*;

(h) An *Independent Fiduciary* has evaluated the fairness of the *Settlement* to the *Plan* and, concurring with the Court's finding that the *Settlement* is reasonable in light of the likelihood of full recovery, the risks and costs of litigation, and the value of the claims foregone,

has authorized the *Settlement* on behalf of the *Plan*, as documented in the report filed with this Court; and

(i) The Court has duly considered and rejected any objections to the *Settlement* that were filed.

7. The *Plan of Allocation* is approved as a fair and reasonable plan to restore losses to the *Plan* on account of investments in the *Company Stock Fund* during the *Class Period*, and *Class Counsel* and their designated *Financial Institution* are directed to administer the *Plan of Allocation* in accordance with its terms and provisions.

8. The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

9. Upon the *Effective Date*, the following claims are released by operation of this Order and *Final Judgment*, as set forth in Section 3 of the *Settlement Agreement*:

(a) <u>Named Plaintiff's, the Settlement Class's, and the Plan's Releases</u>. The Named Plaintiff, the Plan, and the Settlement Class shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Plaintiff's Released Persons from any and all Plaintiff's Released Claims. The Settlement Agreement defines Plaintiff's Released Claims as "any and all past, present, and future Claims, known or unknown, accrued or unaccrued, by or on behalf of the Plan, the Named Plaintiff, and each and every member of the Settlement Class and their respective heirs, beneficiaries, executors, administrators, past and present partners, agents, attorneys, and assigns against Plaintiff's Released Persons (a) that were brought or could have been brought in either an individual or derivative capacity against Defendants in the Action, (b) that arise out of the Action or are in any way related to any of the acts, omissions, facts, matters, transactions or occurrences alleged in the Complaint, or (c) that

were or could have been asserted under ERISA based on or relating to investment in Schering-Plough Stock or a Company Stock Fund by or through the Plan during the Class Period. Plaintiff's Released Claims shall also include any and all Claims relating to any Plaintiff's Released Persons' actions or conduct related to the calculation or allocation of the Settlement Fund pursuant to the Plan of Allocation, provided such actions or conduct are carried out in good faith and non-negligently."

(b)     Defendants' Releases. Defendants shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Defendants' Released Persons from any and all Defendants' Released Claims. The Settlement Agreement defines Defendants' Released Claims as "any and all Claims relating to the institution or prosecution of the Action or relating to the settlement of any of Plaintiffs' Released Claims."

(c)     Scope of Releases.

(i)     Nothing in the *Settlement* shall release or discharge any *Claim* that (a) has been or could be asserted directly or derivatively by any member of the *Settlement Class* or the *Plan* under the federal securities laws or the securities laws of any state regarding the purchase or sale of any *Schering-Plough* security or debt instrument, or that (b) has been asserted in the First Amended Class Action Complaint, filed on October 1, 2009, in *In re Schering-Plough Corporation ENHANCE ERISA Litigation,* No. 08-cv-1432 (D.N.J.) (DMC) (Docket No. 47).

(ii)    The release and discharge set forth in Sections 3.1 and 3.2 of the *Settlement Agreement* shall not include the release of any rights or duties of the *Parties* arising out of the *Settlement Agreement*, including the express warranties and covenants contained therein.

7

(iii) *Named Plaintiff*, on her own behalf and on behalf of all members of the *Settlement Class* and the *Plan*, and *Defendants*, hereby expressly waive any and all rights and benefits respectively conferred upon her and them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other state, territory, or other jurisdiction. Section 1542 reads in pertinent part:

> A general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

*Named Plaintiff*, on her own behalf and on behalf of all members of the *Settlement Class* and the *Plan*, and *Defendants* each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other state, territory, or other jurisdiction was bargained for.

(d) Covenants Not to Sue.

(i) From and after the *Effective Date*, *Named Plaintiff* and the *Settlement Class* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any *Claim*, individual or derivative, released under Paragraph 9(a) above against any of *Plaintiff's Released Persons* or the *Plan*. The foregoing covenant and agreement shall be a complete defense to any such *Claims* against any of *Plaintiff's Released Persons* or the *Plan*.

(ii) From and after the *Effective Date*, *Defendants* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any *Claim*, individual or derivative, released under Paragraph 9(b) above against any of *Defendants' Released Persons*, the *Plan*, or any *Defendant*.

10. The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the

8

performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Judgment*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*. The *Court* shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and payment of a *Case Contribution Award* to *Named Plaintiff*, and reimbursements of expenses, submitted pursuant to the *Settlement Agreement*.

11. In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Final Judgment* shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date*. The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

12. The Court recognizes that *Defendants* have denied and continue to deny the claims of *Named Plaintiff* and the *Settlement Class*. Neither the *Settlement Agreement*, this Order and *Final Judgment*, any act performed or document executed in furtherance of the *Settlement*, nor the fact of the *Settlement* shall be used be used or construed as an admission, concession, or declaration of the *Defendants*, or any other person, of any finding of fiduciary status, fault, omission, mistake, or liability, nor shall be offered as evidence of any liability in this *Action* or any other proceeding.

IT IS SO ORDERED.

DATED: _____, 2010   _____
                                HON. KATHARINE S. HAYDEN
                                UNITED STATES DISTRICT JUDGE